UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLTON LAMONT CHANEY | Case No. 1:97-cr-00068-JMS-TAB-01<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:97-cr-00068-JMS-TAB |
| ) | |
| CARLTON LAMONT CHANEY, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Carlton Lamont Chaney seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Chaney's motion is **denied**.

## I. Background

In 1998, Mr. Chaney was convicted in separate jury trials of armed robbery, carjacking, and carrying and using a firearm during those crimes (the first trial); and possessing a firearm as a felon in violation of 18 U.S.C. § 922(g) (the second trial). *U.S. v. Chaney*, 165 F.3d 33 (7th Cir. 1998). The Court sentenced Mr. Chaney on all counts to a total of 430 months in prison. *Id.*

Mr. Chaney initially filed his motion for compassionate release pro se. Dkt. 16. The Court appointed counsel, dkt. 17, but counsel withdrew before filing any substantive submissions on behalf of Mr. Chaney, dkts. 21, 22. Mr. Chaney withdrew his initial motion, dkt. 23, but thereafter filed an amended motion for compassionate release, dkt. 29. The United States filed a brief in opposition, dkt. 38, and Mr. Chaney filed a reply, dkt 40. Thus, the motion is now ripe.

In his submissions, Mr. Chaney argues that he establishes extraordinary and compelling reasons for compassionate release because his presentence investigation report contained an incorrect enhancement which has never been properly addressed. Dkt. 29. Mr. Chaney also argues that due to

2

non-retroactive changes to certain mandatory minimums by the First Step Act, if he were sentenced today, he would likely receive a shorter sentence.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Chaney's argument about the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today is without merit. As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, No. 21-3196, __ F. 4th __, 2022 WL 2663277, at *1 (7th Cir. July 11, 2022) (cleaned up); *see also United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) ("the discretionary sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit—without a district court finding some independent "extraordinary

3

or compelling" reason—the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to § 924(c)").

Similarly, Mr. Chaney's argument about any error in his original sentencing and/or his presentence investigation report also fails.[1] *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a defendant "cannot use a motion for compassionate release to challenge a potential error in his sentence. To allow otherwise would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion") (cleaned up); *King*, 2022 WL 2663277, at *1 (same).

Mr. Chaney's reliance on *Concepcion v. United States*, 142 S. Ct. 2389 (2022) does not change these conclusions. Dkt. 44. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. Chaney's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*King*, 2022 WL 2663277, at *7.

---

[1] Indeed, Mr. Chaney appears to have already raised this issue in a prior § 2255 motion. Dkt. 1 at 9; *United States v. Chaney*, 295 F. App'x 814, 815-16 (7th Cir. 2008).

Given the determination that Mr. Chaney has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Chaney's motion for compassionate release, dkt. [29], is **denied.**

IT IS SO ORDERED.

Date: 8/4/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Carlton Lamont Chaney
Reg. No. 04860-028
FCI Yazoo City
Medium Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194

All Electronically Registered Counsel