UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:97-cr-00068-JMS-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CARLTON LAMONT CHANEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☐ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:97-cr-00068-JMS-TAB |
| ) | |
| CARLTON LAMONT CHANEY, ) | -01 |
| ) | |
| Defendant. ) | |

### ORDER

Defendant Carlton Lamont Chaney has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 77.] For the reasons explained below, his motion is **DENIED**.

## I.
### BACKGROUND

In 1998, Mr. Chaney was convicted in separate jury trials of armed robbery, carjacking, and carrying and using a firearm during those crimes (the first trial); and possession of a firearm as a felon in violation of 18 U.S.C. § 922(g) (the second trial). *United States v. Chaney*, 165 F.3d 33 (7th Cir. 1998). The Court sentenced Mr. Chaney on all counts to a total of 430 months in prison. *Id.* The Bureau of Prisons ("BOP") currently reports Mr. Chaney's anticipated release date (with good-conduct time included) as January 4, 2027. https://www.bop.gov/inmateloc/ (last visited July 30, 2025).[1]

---

[1] This includes a sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines. [Filing No. 60.]

2

In 2021, Mr. Chaney filed a *pro se* Motion for Compassionate Release, which the Court denied. [Filing No. 29; Filing No. 30; Filing No. 45.] On May 15, 2025, Mr. Chaney, by counsel,[2] filed a Motion to Reduce Sentence, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Filing No. 77; Filing No. 78.] He argues that he establishes an extraordinary and compelling reason for compassionate release under the catchall provision in U.S.S.G. § 1B1.13(b)(5) based on the following circumstances combined: (1) he has served a majority of a sentence that is excessive in light of national and local sentencing treads; (2) his sentence showcases extreme sentencing disparities based on geography; (3) he was penalized for exercising his right to a trial by a jury; (4) he has faced challenging conditions of confinement; and (5) he is rehabilitated. [Filing No. 78.] The Government opposes the Motion, [Filing No. 82], and Mr. Chaney filed a reply, [Filing No. 83]. The Motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and

---

[2] Mr. Chaney is represented by pro bono counsel Erica Zunkel and law students David Wang, Caroline Kassir, and Isabelle Wilkinson, of the University of Chicago Law School's Criminal and Juvenile Justice Clinic. [Filing No. 77; Filing No. 78 at 39.] The Court recognizes and thanks them for their commendable representation.

3

second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2).  If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable."  U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020).  The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).  On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Chaney argues that the combination of his identified circumstances collectively constitutes an extraordinary and compelling reason for relief.  [*See, e.g.*, Filing No. 78 at 12 (asserting he states an extraordinary and compelling reason based on the "combination of circumstances"); Filing No. 78 at 32 (asserting that his circumstances "in combination" warrant relief); Filing No. 83 at 3 (arguing that his "combination of circumstances" qualifies him for a sentence reduction).]  In other words, Mr. Chaney does not claim that any single circumstance, on its own, meets the threshold.  The Court recognizes this and considers the circumstances in combination.  However, to ensure clarity and analytical thoroughness, the Court addresses the circumstances in two organized groups, beginning with the first and second circumstance together.

### A. Sentencing Trends and Geographical Sentencing Disparities

Mr. Chaney argues that he establishes an extraordinary and compelling reason under the catchall provision in § 1B1.13(b)(5) because his sentence and the length of time he has served are "vastly out of step with current sentencing trends." [Filing No. 78 at 15.] He asserts that "changes to § 924(c) have reduced sentences substantially" and that "judges today enjoy significantly more discretion to impose sentences that are commensurate with the crime and the individual."[3] [Filing No. 78 at 15-16.] He also argues that "[m]any courts have concluded that contemporary sentencing trends demonstrating that the length of a defendant's sentence is significantly longer than the national or the relevant Circuit average sentence for similar (or more serious) crimes is an extraordinary and compelling reason under (b)(5)," and cites several out-of-Circuit or outdated cases in support. [Filing No. 78 at 18 (quotations, citations, and footnote omitted).]

In response, the Government acknowledges that the law, and therefore the sentencing trends, have changed since Mr. Chaney was sentenced and that if he were sentenced today, he would receive a lesser sentence but argues that this is not an extraordinary and compelling reason under § 1B1.13(b)(5). [Filing No. 82 at 8-9.] It asserts that § 1B1.13(c) precludes Mr. Chaney's argument to the contrary, that § 1B1.13(b)(6) does not provide relief either because the Seventh Circuit has found that provision to be invalid in *United States v. Black*, 131 F.4th 542 (7th Cir. 2025), and that the several cases that Mr. Chaney cites in support of his argument are non-binding or inapposite. [Filing No. 82 at 10-14.]

---

[3] Section 924(c) imposes mandatory minimum sentences for using or carrying a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c). In 2018, Congress enacted the First Step Act and limited the circumstances in which multiple § 924(c) sentences could be stacked. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194.

In reply, Mr. Chaney argues that the Government erroneously limits the scope of what a court can consider under § 1B1.13(b)(5) and misunderstands his argument regarding sentencing trends. [Filing No. 83 at 4-9.] He asserts that he is not raising "his excessive sentence as a reason for a sentence reduction in and of itself" and that he is not asserting an argument under § 1B1.13(b)(6), but rather asserting that "there are unjustified sentencing disparities . . . and changed circumstances in the way of striking contemporary sentencing trends that would punish his offenses much less severely," which are reasons "that other district court judges have relied upon to grant relief under (b)(5)." [Filing No. 83 at 2; Filing No. 83 at 4-9.] He clarifies that he "is not referring to a disparity between his sentence he would receive today; rather he is referring to the unwarranted sentence disparities between his sentence and others similarly situated whose sentences were reduced under § 3582(c)(1)(A) because they had the fortune to be charged in a circuit with favorable law." [Filing No. 83 at 8.] He argues that the Government did not meaningfully consider all of his circumstances in combination and "ignores (b)(5) grants from this circuit which rely on sentencing disparities between defendants and similarly situated individuals." [Filing No. 83 at 2; Filing No. 83 at 8-9.]

As relevant here, under § 1B1.13(b)(5) of the recently amended United States Sentencing Guidelines, extraordinary and compelling reasons for release exist under the following circumstances:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce

> a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G § 1B1.13(b)(5)-(6). Also relevant here, § 1B1.13(c) provides:

> (c) Limitation on Changes in Law.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G § 1B1.13(c).

Mr. Chaney's arguments regarding sentencing trends and geographical disparities are unpersuasive and ignore binding precedent from the Seventh Circuit. Although he crafts these arguments as based on sentencing trends and geographical disparities, stripped to their essence, these claims are grounded in the change of law with regard to § 924(c). In other words, the change in the law gives rise to his argument regarding current sentencing trends and geographical disparities, a fact that Mr. Chaney himself recognizes. [*See, e.g.*, Filing No. 78 at 15 (Mr. Chaney arguing that "[c]onsidering today's laws, it is incontrovertible that [his] sentence is outdated and unjust" considering that "the changes to § 924(c) have reduced sentences substantially"); Filing No. 78 at 20 (Mr. Chaney arguing that his "sentence presents dramatic, unjust geographical disparities with the sentences of similarly situated individuals . . . stem[ming] from the circuit split over whether non-retroactive changes in the law, such as the changes to § 924(c), can serve as an extraordinary and compelling reason")].

However, in this Circuit, such a change-in-the-law argument regarding § 924(c), "whether alone or in combination with other factors," cannot be considered an extraordinary and compelling reason for compassionate release. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)

7

(holding that the change to § 924(c) cannot constitute an extraordinary and compelling reason and explaining that, "there is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute") (citing *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring) ("Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence.")). *Thacker* is both controlling and binding here[4] and reinforced by § 1B1.13(c), which provides that a change in the law may only be considered under § 1B1.13(b)(6)[5]— not as a basis under (b)(5)—as Mr. Chaney attempts here. The Court acknowledges that other jurisdictions interpret the issue differently, but in our "hierarchical system, decisions of a superior court are authorities on inferior courts. Just as the court of appeals must follow decisions of the Supreme

---

[4] The Court recognizes that the issue of whether a district court may consider sentencing changes due to the First Step Act's prospective changes to mandatory minimum penalties as an extraordinary and compelling reason is pending before the Supreme Court of the United States in *Rutherford v. United States*, -- S. Ct. ---, 2025 WL 1603603 (petition for writ of certiorari granted on June 6, 2025). Nevertheless, as it stands today, *Thacker* is good law. However, should *Rutherford*'s resolution change that, nothing precludes Mr. Chaney from filing another motion for compassionate release in light of such a change.

[5] Mr. Chaney has made it clear that he is not asserting an argument under § 1B1.13(b)(6), which in any event, has been held invalid by the Seventh Circuit—a directive that this Court is bound to follow. *United States v. Black*, 131 F.4th 542, 546-48 (7th Cir. 2025). This Court has held in abeyance arguments under (b)(6) considering that a petition for certiorari in *Black* has been docketed at the United States Supreme Court, but the Court finds that doing so here is unwarranted and inappropriate given that Mr. Chaney has made it clear that he is not asserting an argument under (b)(6). [Filing No. 83 at 2 (explaining that he is not asserting an argument under § 1B1.13(b)(6) and that the Government misunderstood his (b)(5) arguments when it classified them as under § 1B1.13(b)(6)).] *Anderson v. Street*, 104 F.4th 646, 654 n.3 (7th Cir. 2024) (undeveloped arguments are waived); *Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022) (courts "are not responsible for constructing the parties' arguments"). Again, if the law should change in the future, nothing precludes Mr. Chaney from filing another motion.

Court . . . so district judges must follow the decisions of [the Seventh Circuit] . . . ." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (citations omitted).

In sum, binding precedent requires this Court to reject as legally incognizable Mr. Chaney's arguments that sentencing trends and disparities based on the change in § 924(c) are, or help establish in combination with other circumstances, an extraordinary and compelling reason for compassionate release. Disposing of these arguments, the Court turns to the remaining circumstances that Mr. Chaney raises to determine whether they present an extraordinary and compelling reason for relief.

### B. Trial Penalty, Conditions of Confinement, and Rehabilitation

Mr. Chaney asserts that the following circumstances combine to establish an extraordinary and compelling reason: (1) the imposition of a "trial penalty" in his case; (2) his conditions of incarceration during the COVID-19 pandemic; and (3) his rehabilitation. [Filing No. 78 at 26-32.] He asserts that the Government offered him a plea deal of 20 years and later offered a plea deal of 15 years if he provided substantial assistance, and that instead of accepting either, he exercised his constitutional right to a trial and thereafter the Government added "a second, stacked § 924(c) charge." [Filing No. 78 at 28.] He contends that the final sentence that he received was more than twice as long as the plea deal offer, which establishes that he was punished for exercising his right, not for his crimes. [Filing No. 78 at 28-29.] He asserts that he has faced challenging conditions of confinement as a result of the COVID-19 pandemic, which increased severe staffing shortages and budget shortfalls and has led to limited programming opportunities. [Filing No. 78 at 29-31.] He argues that after 28 years in prison, he "is much wise and calmer" and "has tangible skills to employ when released after thousands of hours of vocational training," and has changed significantly. [Filing No. 78 at 31-32.]

9

In response, as to his trial penalty argument, the Government contends that there is no record evidence about a plea bargain to support Mr. Chaney's alleged "trial penalty," but that even assuming that the plea bargain process amounted to a trial penalty as Mr. Chaney alleges, the claim is a sentencing challenge that is not cognizable on compassionate release and is only available on a direct appeal or under a § 2255 motion. [Filing No. 82 at 18-22.] It also argues that higher sentences after trial are not extraordinary and that is it normal that pleading guilty would have lowered Mr. Chaney's sentence. [Filing No. 82 at 18-19.] As to the conditions of his confinement, the Government argues that the COVID-19 challenges are not individualized and therefore are not an extraordinary and compelling reason whether considered alone or in combination with any other reason. [Filing No. 82 at 22-25.] As to rehabilitation, the Government asserts that rehabilitation by itself is not an extraordinary and compelling reason and that this reason is all Mr. Chaney has left to rely on because the above circumstances are not cognizable and therefore out of the equation. [Filing No. 82 at 25.] It asserts that, in any event, his rehabilitation is not extraordinary and highlights that he has been disciplined at least 5 times for violation of facility and BOP rules. [Filing No. 82 at 25-26.]

In reply, Mr. Chaney reiterates his arguments about the trial penalty, conditions of confinement, and rehabilitation, and asserts that his trial penalty argument is not a sentencing challenge but rather an argument "pointing out that the trial penalty he received has created unwarranted disparities" in his sentence as compared to others. [Filing No. 83 at 10-13.]

The Court, in its discretion, finds that Mr. Chaney has not carried his burden to show that these circumstances are an extraordinary and compelling reason for his release, whether considered alone or in combination. First, as to his trial penalty argument, this argument is also foreclosed by *Thacker*, as clarified in *United States v. Fredrickson*, where the Seventh Circuit affirmed a denial

of defendant's compassionate release motion based on a trial penalty argument, explaining that that such an argument is an error-in-sentencing argument which *Thacker* disallows in compassionate release motions. 2022 WL 16960322, at *1-2 (7th Cir. Nov. 16, 2022). In any event, that Mr. Chaney received a higher sentence after going to trial is not extraordinary nor impermissible.

This leaves considerations of his conditions of confinement and rehabilitation. The Court finds that, in its discretion, neither circumstance establishes an extraordinary and compelling reason, whether considered independently or in combination. First, the Court agrees with the Government that Mr. Chaney's conditions of confinement are generalized and experienced by all BOP inmates and therefore are not an extraordinary and compelling reason for relief as compared to other inmates. *See United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (affirming denial of compassionate release where defendant argued that the restrictive conditions of confinement during the COVID-19 pandemic were an extraordinary and compelling reason because he failed to submit evidence or argument as to how the conditions were individualized to him and holding that without such evidence, he could not show that his situation was extraordinary as compared to other inmates).

Second, rehabilitation "is not, by itself, an extraordinary and compelling reason" for release, but it "may be considered in combination with other circumstances." U.S.S.G. 1B1.13(d); 28 U.S.C. § 994(t). While the fact that Mr. Chaney has taken and completed numerous programs, been employed, and has a release plan is highly commendable, he must have another circumstance that combines with his rehabilitation to establish an extraordinary and compelling reason. But as explained above, consideration of his other circumstances has either been foreclosed as legally incognizable or by a failure to evince individualized circumstances that are extraordinary as compared to other inmates. And even considering his generalized conditions of confinement and

his admirable rehabilitation in combination, the Court, in its discretion, does not find these circumstances to be an extraordinary and compelling reason to grant compassionate release. These circumstances cannot be said, as required under (b)(5), to be "similar in gravity" to the circumstances listed in subsections (b)(1) through (b)(4), where the defendant is exceptionally sick, elderly, indispensable for family care, or was a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(b)(5).

In sum, the Court finds that Mr. Chaney has not carried his burden to establish any legally valid extraordinary and compelling circumstance for his release, whether considered alone or in combination with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

### III.
### CONCLUSION

For the reasons stated above, Mr. Chaney's Motion for Compassionate Release, [77], is **DENIED**.

Date: 8/5/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**