UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>CARLTON LAMONT CHANEY, )<br>)<br>*Defendant*. ) | 1:97-cr-00068-JMS-TAB<br><br>-01 |

## ORDER

Defendant Carlton Lamont Chaney is currently incarcerated and has filed a Clerical Error Motion Pursuant to Federal Rules of Criminal Procedure, Rule 36 [Filing No. 85], which is ripe for the Court's decision.

### I.
### BACKGROUND

On March 11, 1998, Mr. Chaney was sentenced to 430 months' imprisonment for armed bank robbery, carrying a firearm during the commission of a crime of violence, and taking of a motor vehicle by force and intimidation. [Filing No. 85-2 at 5-11.] He was also ordered to pay a $500 special assessment and $40,299.76 in restitution, which was due "in full immediately." [Filing No. 85-2 at 8-9.]

On July 11, 2002, while Mr. Chaney was serving his 430-month sentence, the Court issued an Order vacating a two-level sentencing adjustment for "reckless endangerment during flight." [Filing No. 85-2 at 17; Filing No. 85-2 at 22.] The Court noted: "This correction does not alter the defendant's sentence under count 1 of the indictment or otherwise, but is issued to inform the defendant and proper authorities of the court's action." [Filing No. 85-2 at 22.]

1

The Government represents that Mr. Chaney has paid $4,792.70 toward his restitution obligation to date, and still owes $36,462.06. [Filing No. 90 at 2.] Mr. Chaney now seeks the correction of a "clerical error" in his judgment related to the restitution amount. [Filing No. 85.]

## II.
### DISCUSSION

In his Motion, Mr. Chaney notes that the Court vacated the sentencing enhancement in 2002 and states that he has been paying $100 per month in restitution "under duress" through the Inmate Financial Responsibility Program ("IFRP"). [Filing No. 85 at 2.] He argues that the "omission of warranted restitution modification in [the] written judgment is…a clerical error cognizable pursuant to Rule 36." [Filing No. 85 at 3-4.] He argues further that vacating the sentencing enhancement also affected the amount of restitution and that the "amount of restitution under count-1 is incorrect." [Filing No. 85 at 5.]

The Government argues in its response that the Court's July 11, 2002 Order did not modify Mr. Chaney's restitution. [Filing No. 90 at 2.] It asserts that there is no statutory basis for a modification of restitution under 18 U.S.C. § 3664(k) (for a material change in Mr. Chaney's economic circumstances), under 18 U.S.C. § 3664(m)(1)(A) (which provides several avenues the Government may use for collecting restitution), or under 18 U.S.C. § 3664(o) (which allows for amendments, changes in the determination of a victim's losses, or adjustments to the restitution amount). [Filing No. 90 at 2-5.] The Government further argues that the Bureau of Prisons ("BOP") has authority and discretion over the IFRP, which courts may not override. [Filing No. 90 at 5-8.] Finally, it contends that Mr. Chaney has not shown that he has exhausted his administrative remedies regarding his IFRP payment plan, which he must do before filing a petition with the Court under 28 U.S.C. § 2241. [Filing No. 90 at 8.]

Mr. Chaney did not file a reply.

2

Mr. Chaney is not entitled to a revision or correction of his restitution amount. First, to the extent that he complains regarding his payments under the IFRP, as the Seventh Circuit Court of Appeals has acknowledged, it is the Attorney General – not the courts – who has the responsibility of collecting unpaid fines and restitution imposed as part of a criminal judgment, and that authority has lawfully been delegated to the BOP, which in turn created the IFRP to facilitate collection. *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011). "Courts are not authorized to override the [BOP]'s discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008). In other words, the Court has no authority to direct the amount or frequency of an inmate's payments under the IFRP.

Second, while an inmate seeking to challenge the BOP's administration of the IFRP may file a petition for habeas corpus relief under 28 U.S.C. § 2241, exhaustion of administrative remedies is a perquisite for doing so. *United States v. Davis*, 612 F. App'x 856, 857 (7th Cir. 2015) ("[A prisoner] may challenge the payment schedule set by the BOP by raising it in a § 2241 petition in the district of his confinement."); *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241," and inmate was required to exhaust administrative remedies before using § 2241 petition to challenge IFRP payments); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (explaining that the exhaustion rule applies to § 2241 petitions). Mr. Chaney has not shown that he exhausted his administrative remedies regarding his IFRP payments, so he cannot bring a § 2241 petition in any event.

Third, Mr. Chaney has not presented a statutory basis for a restitution modification or reduction. 18 U.S.C. § 3664 sets forth several circumstances in which a court can modify a

restitution award – for example, if the defendant's economic circumstances materially change (18 U.S.C. § 3664(k)) or if the restitution amount can be corrected, modified, or amended pursuant to various statutes (18 U.S.C. § 3664(o)).  Mr. Chaney has not presented argument or evidence that any of these circumstances are present in his case.  While he appears to argue that the Court's July 11, 2002 Order modified the restitution amount, that is not the case.  The July 11, 2002 Order vacated a two-level sentencing adjustment, but the Court specifically noted that "[t]his correction does not alter the defendant's sentence under count 1 of the indictment or otherwise, but is issued to inform the defendant and proper authorities of the court's action." [Filing No. 85-2 at 22.]  There is no statutory basis to modify Mr. Chaney's restitution amount.

       Finally, Mr. Chaney's Motion is untimely.  The Judgment which set forth the restitution amount is a final judgment, 18 U.S.C. § 3664(o), and Mr. Chaney's avenue to seek modification was through a direct appeal.  Such an appeal must be filed within 14 days of the entry of judgment or the order being appealed, or the Government's notice of appeal, whichever is later.  Fed. R. App. P. 4(b)(1).  While Mr. Chaney appealed his sentence in a timely fashion, he did not raise any issue with the restitution amount.  See *United States v. Chaney*, 1998 WL 789891 (7th Cir. Oct. 23, 1998).  And, in any event, he did not file the pending Motion until October 21, 2025 – over 27 years after the entry of Judgment and over 23 years after the July 11, 2002 Order that he claims modified his restitution amount.  Mr. Chaney's Motion can be denied for untimeliness alone.

       In sum, the Court does not have the authority to direct the amount or frequency of an inmate's payments under the IFRP, Mr. Chaney cannot pursue his Motion as a § 2241 Petition because he has not shown that he has exhausted his administrative remedies, there is no statutory basis to modify Mr. Chaney's restitution amount, the July 11, 2002 Order did not modify the restitution amount, and Mr. Chaney's Motion is untimely in any event.  Accordingly, the Clerical

4

Error Motion Pursuant to Federal Rules of Criminal Procedure, Rule 36, [Filing No. 85], is **DENIED**.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Chaney's Clerical Error Motion Pursuant to Federal Rules of Criminal Procedure, Rule 36, [85], is **DENIED**.

Date: 1/8/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Carlton Lamont Chaney
#04860-028
FCI Thomson
Federal Correctional Institution
P.O. Box 1002
Thomson, IL 61285